NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHARLIE JAMES WHITNEY,

      Plaintiff - Appellant,

  v.

FRANK BISIGNANO, Commissioner of
Social Security,

      Defendant - Appellee.

No. 24-6216

D.C. No.
1:24-cv-03054-MKD

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, District Judge, Presiding

Submitted July 15, 2026**

Before: NGUYEN, OWENS, and LEE, Circuit Judges.

     Charlie James Whitney appeals pro se from the district court's judgment

dismissing his complaint against the Commissioner of the Social Security

Administration (SSA). "We review *de novo* the district court's order granting a

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). As the parties are familiar with the facts, we do not recount them here. We affirm.

1. The district court properly determined that Whitney's request for review of the 2017 Administrative Law Judge (ALJ) decision was time-barred. A request for review of a final decision by the Commissioner must be filed in federal court within sixty days after receiving notice. 42 U.S.C. § 405(g). In cases remanded by a federal court, ALJ decisions become final after sixty days unless the Appeals Council assumes jurisdiction. 20 C.F.R. § 416.1484(c)–(d). The Commissioner presumes the claimant receives notice of the decision five days after the date on the notice. *Id.* § 416.1401. Together, these provisions yielded a 125-day window for Whitney to seek review, which expired long before he filed this action in 2024.

The district court also properly determined that Whitney was not entitled to equitable tolling. *See Bowen v. City of New York*, 476 U.S. 467, 480 (1986) (holding that equitable tolling applies to § 405(g)'s sixty-day requirement). A claimant seeking equitable tolling must establish that they were "pursuing [their] rights diligently" and that "some extraordinary circumstances stood in [their] way." *Redlin v. United States*, 921 F.3d 1133, 1140 (9th Cir. 2019) (citation omitted). In his complaint, Whitney alleged neither that he sought review in the intervening years, nor that circumstances had prevented him from doing so. In his opening

brief, he claims that he tried to appeal, but SSA records do not show any such attempt.[1]

2. The district court also properly determined that Whitney's emotional distress claim was barred by statute. "No action against . . . the Commissioner of Social Security . . . shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter," which governs entitlement to disability benefits. 42 U.S.C. § 405(h); *see also Hooker v. U.S. Dep't of Health & Hum. Servs.*, 858 F.2d 525, 529–30 (9th Cir. 1988) (holding that a state tort law claim arising out of termination of Social Security benefits was barred by § 405(h)). Whitney's emotional distress claim against the Commissioner stems from "all the many years of unpaid back pay." It thus arises under § 405(h)'s subchapter and cannot be brought against the Commissioner.

**AFFIRMED.**[2]

---

[1] In his brief, Whitney also states that his doctor is writing a letter detailing his ongoing disability to show that the 2017 ALJ decision was incorrect. This letter has no bearing because, among other things, it was not presented to the district court. *See Lowry v. Barnhart*, 329 F.3d 1019, 1024–25 (9th Cir. 2003) (stating that parties may not "supplement the record on appeal with evidence not reviewed by the court below" (citation omitted)).

[2] Whitney's motions for appointment of counsel (Dkt. Nos. 14, 23) are denied.